UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STEFFON DICKERSON,

          Petitioner,

v.

          **DECISION AND ORDER**
          12-CV-1117S
UNITED STATES OF AMERICA,          09-CR-80S

          Respondent.

Presently before this Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Docket No. 74.) Defendant requests that this Court correct his sentence to time served pursuant to the Fair Sentencing Act of 2010 and Dorsey v. United States, – U.S. – , 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012). The government agrees that Defendant is eligible for a sentence reduction, and it does not oppose the imposition of a sentence within the amended advisory guideline range. For the following reasons, Defendant's motion is granted and his sentence is reduced to time served.

Defendant initially moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c). (See Docket No. 74.) Upon review, and with the required notice to Defendant, see Castro v. United States, 540 U.S. 375, 383, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), this Court recharacterized Defendant's motion as one brought under 28 U.S.C. § 2255. (See Docket No. 79.) Anticipating this recharacterization, Defendant advised that he wished to proceed under § 2255 and waive his right to be present at resentencing. (See Docket No. 78.)

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

1

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a)

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

On August 3, 2010, Congress passed the Fair Sentencing Act of 2010 ("the Act"), Pub.L.No. 111-220, § 2, 124 Stat. 2372, that, among other things, reduced the statutory penalties for crack cocaine offenses and eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine. The Act reduces the disparity in federal criminal penalties between powder and crack cocaine offenses.

On June 12, 2012, the United States Supreme Court held that the Act's mandatory minimum sentencing provisions apply to all sentencings on or after the enactment date of August 3, 2010, regardless of when the offense conduct occurred. See Dorsey 132 S.Ct at 2335 (concluding that "Congress intended [the Act's] new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders").

It is undisputed that the Act applies to Defendant, who was sentenced after August

3, 2010, and eliminates the statutory minimum sentence previously applicable to him. Defendant's previous advisory guideline range was 27-33 months, based on a Criminal History Category IV and a Total Offense Level 14. But due to the statutory minimum sentence in place at the time, Defendant's advisory guideline range became 60 months. This Court sentenced Defendant on March 3, 2011, to 60 months imprisonment. (Docket No. 65.)

Under the Act, the 60-month mandatory minimum sentence no longer applies to Defendant and does not raise his advisory guideline range. Defendant is therefore entitled to relief under the Act and his previously imposed sentence must be vacated.

Defendant's amended advisory guideline range is 27-33 months, based on a Criminal History Category IV and a Total Offense Level 14. This Court has reviewed both the previous PreSentence Report and the Amended PreSentence Report. Accounting for the time Defendant has already served — approximately 48 months — he is eligible for a time served sentence.

As stated, Defendant has knowingly and voluntarily waived his right to be present at resentencing. Upon consideration of the Act, the amended advisory guideline range, and all of the factors set forth in 18 U.S.C. § 3553(a), this Court will resentence Defendant to time served. All other aspects and conditions of Defendant's previous sentence, including supervised release for four years and payment of the $100 assessment, are unchanged and reimposed.

IT HEREBY IS ORDERED, that Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 74) is GRANTED, and the sentence imposed on March 3, 2011, is VACATED.

FURTHER, that Defendant is RESENTENCED to time served, with all other aspects and conditions of Defendant's previous sentence, including supervised release for four years and payment of the $100 assessment, unchanged and reimposed.

FURTHER, that the United States Probation Office is directed to prepare a conforming amended judgment for this Court's signature and filing by the Clerk of Court.

FURTHER, that the Clerk of Court is directed to close 12-CV-1117S.

SO ORDERED.

Dated: November 15, 2012
         Buffalo, New York

         /s/William M. Skretny
         WILLIAM M. SKRETNY
         Chief Judge
         United States District Court